JULIUS KAUFMAN v. W. L. EDWARDS.

(March 25, 1880.)

PRINCIPAL AND FACTOR.—Duties, powers and liabilities of cotton factors; usage of trade; parties dealing with factor are chargeable with notice of the limits fixed by law to his power.

APPEAL from Galveston county. Opinion by WALKER, J.

STATEMENT.— March 14, 1874, "the plaintiff sued Kaufman to recover twelve bales of cotton or their value, alleging that the same was, December 31, 1873, in the hands of Duble & Wooters as his, plaintiff's, cotton factors at Galveston, for sale in the market at Galveston, in accordance with the known usage of trade in said market, and without any authority to ship the same to any other market, or to pledge or dispose of the same in any other way than by sale, for cash, at its fair market price in Galveston; that the defendant wrongfully took possession of said cotton and converted it." The defendant pleaded general denial and several special defenses.

The court, in ruling upon exceptions to the answer, held: 1. That "the defendant's answer, in so far as it alleged that the cotton was shipped by the plaintiff to Duble & Wooters for the purpose of either sale in Galveston or reshipment by them to Liverpool at their discretion, and advancements made by defendant to Duble & Wooters on such discretionary reshipment, presents a proper defense, and in that respect the exceptions of plaintiff are overruled." 2. That "so much of the answer as alleges that Duble & Wooters were permitted, by the plaintiff, to hold themselves out as the owners of the cotton, and to deal with the cotton as their own, with the knowledge of plaintiff, and advances made by defendant to Duble & Wooters, who were thus held out as the owners of the cotton, present good defenses." 3. All the other special pleas were held insufficient, and the court specifically ruled that so much of the answer as sets up an usage of trade at the city of Galveston that a commission merchant exercises a discretion to reship his consignee's cotton to a foreign port furnishes no defense.

There was a trial before the court without a jury. Judgment for plaintiff for $998.65 and costs, from which defendant appealed. The errors assigned are the sustaining of

the exceptions to the special pleas of defendant and the general assignment that the judgment was improperly rendered.

There is no statement of facts. The presumptions in favor of the judgment are: 1. That the allegations in the petition were proven. 2. That the special defenses allowed were not sustained by the testimony. The absence of a statement of facts leaves, as the only matter before us for revision, the rulings of the court on the special defenses held insufficient.

The special defenses are: 1. That Duble & Wooters, as owners of the cotton, delivered it to defendant to be shipped to Melly, Ferget & Co., Liverpool; that defendant, as shipping merchant, only shipped the cotton to M. F. & Co., and delivered it to them without notice of plaintiff's claim. · 2. That plaintiff had consigned the cotton to Duble & Wooters for sale or reshipment; and, as was the custom and usage of the trade at Galveston, had been shipped to M. F. & Co. at Liverpool, to be sold on account of Duble & Wooters; advances were so made of $1,200 upon the cotton. 3. That plaintiff permitted Duble & Wooters to hold themselves out as owners; their shipment through defendant to M. F. & Co., Liverpool, and advances. 4. Set out charges paid by Duble & Wooters on the cotton, asking that the amount be recouped against plaintiff's claim. 5. That the cotton was held by Duble & Wooters as factors of plaintiff, and that they had advanced necessary expenses, $100, and that defendant, on the reshipment made in the usual course of trade, had advanced Duble & Wooters for M. F. & Co., $800, all of which was a lien on the cotton and its proceeds. 6. That the cotton was shipped to M. F. & Co. before defendant had notice of plaintiff's claim, and that at the institution of the suit defendant had not the possession of it.

The answers not covered by the pleas held good are: 1. That the reshipment to Liverpool was in accordance with the usage of trade at Galveston and, therefore, law-

ful. 2. That Duble & Wooters shipped the cotton as their own to Melly, Ferget & Co., at Liverpool. 3. That defendant did not have possession of the cotton or its proceeds when the suit was filed.

OPINION.—We have given this statement of the case because, upon an examination of the record, we do not find a necessity for passing upon all of the points submitted in the agreed statement furnished by counsel. The case has been argued on both sides with unusual care and ability. To attempt even a slight review of the authorities cited, or to indulge in a discussion of the points involved, we regard as not likely to be useful. We give the points decided, and necessary to the disposition of the case as presented, giving to the judgment its necessary effect, in the absence of a statement of facts.

1. We hold that a usage of trade at Galveston does not authorize a cotton factor, in the exercise of his discretion, to re-ship his principal's cotton to a foreign market for sale.

2. Such usage is inconsistent with the common law as to the duties and powers of factors; it is also in conflict with the relations of principal and factor prescribed by statute. P. D., arts. 3803, 3804, 3805.

3. Duble & Wooters were factors and as such had possession of the cotton. The law fixed limits to their power; all are chargeable with notice of such limits.

4. Duble & Wooters, by any representations they could make, were unable to create a power over the cotton not conferred by Edwards in his consignment of it to them.

5. Melly, Ferget & Co., except as purchasers, could, through Duble & Wooters, acquire no other or greater authority over the cotton than Duble & Wooters, as cotton factors, could confer; therefore they, Melly, Ferget & Co., could not authorize Kaufman to ship the cotton to Liverpool for sale.

6. The three parties, Duble & Wooters, Melly, Ferget & Co., and Kaufman, by no act jointly or severally acting, by

express or implied contract, or by any other mode, innocent or tortious, could give legality as against Edwards, and without his consent (which is negatived), to the removal of his cotton from Galveston to a foreign market for sale.

7. Nor could said three parties, by their acts or contracts among themselves, advance money from one to the other so as to create a lien upon the cotton otherwise than for the necessary expenses in its preservation and sale at Galveston, as contemplated in the consignment of the cotton by the plaintiff.

8. If the taking was unauthorized and wrongful, liability for the act would not be discharged by the further conveying and delivery of the cotton out of the country to the parties at Liverpool before suit.

We hold that the court, therefore, did not err in its rulings upon the special defenses held to be insufficient, as above stated.

There being no error in the record, the judgment should be affirmed.